UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORAH ROSENCRANS, | |
| Plaintiff, | CIVIL ACTION NO. 3:24-cv-00191 |
| v. | (SAPORITO, J.) |
| STATE CORRECTIONAL INSTITUTION AT DALLAS, et al., | |
| Defendants. | |

### MEMORANDUM

This federal civil action involves employment discrimination claims brought by a state corrections officer trainee against her employer, the state department of corrections. The plaintiff alleges that she was sexually harassed and sexually assaulted by a corrections sergeant formerly employed at the same state prison, David Andrew Hoover.[1] In addition to her employment discrimination claims against the corrections department, the plaintiff has asserted federal civil rights and state-law tort claims against Hoover himself. Hoover waived formal service of the complaint, but he then failed to file an answer or otherwise enter an appearance in this action, and the clerk has entered default against him.

---

[1] The complaint alleges that Hoover was subsequently fired.

Although Hoover has failed to appear and is in default, the plaintiff has sought to depose Hoover as a fact witness. Plaintiff's counsel served a notice of deposition by mail, but Hoover failed to respond to the notice and failed to appear to be deposed at the designated time and place. The plaintiff then filed a Rule 37 motion to compel deposition, requesting an order to compel Hoover to appear for deposition or face further, unspecified sanctions.[2]

The defendant in default, Hoover, has failed to file any response to the motion. But plaintiff's counsel has relayed an eleventh-hour email he sent to her, requesting that "this civil matter be placed on hold until [he has] resolved the criminal matter that is directly [related] to this civil matter." Doc. 36-1.[3]

---

[2] The motion itself references Rule 37 in general, without identifying any subpart of the rule. Although Rule 37(a) authorizes a moving party to seek an order compelling another party to comply with certain other disclosure and discovery obligations, the deposition of a party is governed by Rule 37(d), which authorizes the imposition of sanctions for a party's failure to appear to be deposed when properly noticed. Thus, prior service of a subpoena or a court order is not necessary to compel the party's attendance at his or her own deposition. *See* Fed. R. Civ. P. 37(d); *Langsam-Borenstein P'ship ex rel. Langsam v. NOC Enters., Inc.,* 137 F.R.D. 217, 218 n.4 (E.D. Pa. 1990).

[3] Counsel is commended for her candor in disclosing to the court her receipt of this email. Hoover's *pro se* request for relief should have been submitted directly to the court instead of to plaintiff's counsel.

Prompted by Hoover's reference to an apparently ongoing criminal matter, we consulted the publicly available docket record of the Luzerne County Court of Common Pleas, which revealed that he is currently facing multiple criminal charges for misdemeanor indecent assault without consent, with a jury trial currently scheduled to commence on September 15, 2025. *See Commonwealth v. Hoover*, No. CP-40-CR-0001872-2023 (Luzerne Cnty. (Pa.) Ct. Com. Pl. filed July 3, 2023).

Based on the foregoing, we found it appropriate to consider, *sua sponte*, whether this action should be stayed—whether entirely or in part—pending resolution of the parallel criminal proceeding against Hoover. *See Plaintiffs # 1–21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 279 (E.D.N.Y. 2015) (noting that courts have "the inherent power to *sua sponte* stay discovery pending the resolution of a parallel criminal proceeding"). We ordered the parties to show cause why the court should not enter a partial or complete stay of this action pending completion of the state criminal proceeding against Hoover. Doc. 37. Both plaintiff and employer have filed their responses. Doc. 38; Doc. 41.

The decision to stay a case rests within the sound discretion of the district court. *Barker v. Kane*, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016).

When deciding whether to stay a civil case pending resolution of a related criminal proceeding, we consider the following factors:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

*Id.* at 525–26. A limited stay of discovery is within our discretion. *See, e.g.*, *Piazza v. Young*, 403 F. Supp. 3d 421, 446 (M.D. Pa. 2019) (imposing limited stay of *some* discovery and proceedings with respect to certain—but not all—defendants).

The docket of the state criminal proceeding against Hoover indicates that his case is "trial ready" and a jury trial is scheduled to commence in approximately one week. Under these circumstances, we are concerned that any attempt by other parties to this civil action to obtain oral or written discovery from Hoover may implicate his Fifth Amendment rights against self-incrimination—particularly so because Hoover is, and appears likely to remain, unrepresented if deposed or served with written discovery. *See, e.g.*, *United States v. Kordel*, 397 U.S. 1, 7 (1970) (criminal defendant forfeited his right to assert Fifth

Amendment privilege regarding answers given to interrogatories in a prior civil proceeding); *United States v. Bell*, 217 F.R.D. 335, 339–40 (M.D. Pa. 2003) (recognizing that, while the content of voluntarily created documents are generally not protected by the Fifth Amendment, in some circumstances it may protect against the compelled act of producing them in discovery). By contrast, we find no "particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay," to suggest that a stay will prejudice the plaintiff, particularly as we intend to permit the action to proceed with respect to the other defendants. *See Barker*, 149 F. Supp. 3d at 528. Meanwhile, we find that the coextensive interests of the court and the public in the efficient resolution of litigation militate in favor of a stay, and the public's interest in deterring abuses of civil rights through civil litigation will not be substantially impaired by a *partial* stay. *See id.* at 529.

Under the circumstances of this case, having considered each of the several *Barker* factors, we find a partial stay of litigation in this case—limited to the defendant facing related state-court criminal charges—is appropriate and fair to both sides. All proceedings, including discovery,

involving the defendant in default, David Andrew Hoover, shall be stayed pending disposition of the state-court criminal proceeding against him. For the duration of this partial stay, Hoover shall be relieved from any obligation to respond to any subpoena, notice of deposition, written discovery request, or motion papers served by another party in this case, with the exception of any motion papers concerning the modification or lifting of this stay. The other pending motion concerning this defendant—a Rule 37 motion to compel filed by the plaintiff—will be administratively terminated with leave for the movant to re-file or request reinstatement of the motion when the stay is lifted, if appropriate. The plaintiff will be directed to provide written notice of the status of Hoover's criminal proceeding every three months until the stay is lifted.

    An appropriate order follows.


Dated: September 9, 2025        *s/Joseph F. Saporito, Jr.*
                                           JOSEPH F. SAPORITO, JR.
                                           United States District Judge